# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| KARL KRIGBAUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3236 |
| ) | |
| SANGAMON COUNTY ILLINOIS ) | |
| SHERIFF'S DEPARTMENT, CARL ) | |
| BENNETT, CHUCK EALEY, JOE ) | |
| HOLLINGSHEAD, THOMAS ) | |
| ANSELL, Individually and in Their ) | |
| Official Capacity as Employees for the ) | |
| Sangamon County Sheriff's ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on a Motion to Dismiss Plaintiff's Amended Complaint (d/e 10) filed by Defendants Sangamon County, Illinois Sheriff's Department (Sheriff's Department), Thomas Ansell, Carl Bennett, Chuck Ealey, and Joe Hollingshead. For the reasons set forth below, the Motion to Dismiss is allowed, in part, and denied, in part.

1

PROCEDURAL AND FACTUAL BACKGROUND

On October 13, 2006, Plaintiff Karl Krigbaum filed a three-count Complaint (d/e 1) against the Sheriff's Department, Sheriff Neil Williamson, and John Doe/Jailers and Officers, alleging violations of 42 U.S.C. § 1983 based on injuries resulting from alleged deprivations of his federal constitutional rights that occurred on or about October 16, 2004.[1] On February 26, 2007, Plaintiff filed a Motion for Leave to File an Amended Complaint and Add Additional Parties (d/e 7) (Motion to File), seeking to file an amended complaint based on the fact that, at the time of the filing of the original Complaint, Plaintiff lacked knowledge of the identities of the Defendants listed as "John Doe/Jailers, Officers" in the original Complaint. Motion to File, ¶ 2; see Complaint, ¶ 8. Plaintiff specifically sought leave to add Carl Bennett, Chuck Ealey, Joe Hollingshead and Thomas Ansell (collectively, the individual Defendants) as parties to

---

[1] Defendants Williamson and John Doe/Jailers and Officers were sued in their individual and official capacities. Count I alleged claims against the Sheriff's Department for maintaining policies or customs which demonstrated the Department's deliberate indifference to the constitutional rights of individuals detained in the Sangamon County jail. Count II alleged claims against John Doe/Jailers and Officers for constitutional violations. Count III alleged claims against Sheriff Williamson for failure to properly supervise and oversee the training of the John Doe/Jailers and Officers in the use of force against Plaintiff when he was detained in the jail.

this action.[2] The Defendants did not object to the Motion to File. This Court accordingly allowed the substitution of the four individual Defendants in place of John Doe/Jailers and Officers. See Text Order entered February 26, 2007.

In his nine-count Amended Complaint (d/e 8), Plaintiff does not allege any claims against Sheriff Williamson; neither does the caption of the Amended Complaint name Sheriff Williamson as a Defendant in this action. It thus appears that Plaintiff no longer wishes to maintain this action against Sheriff Williamson. The Court accordingly directs the Clerk of the Court to terminate Defendant Neil Williamson as a Defendant in this action.

For purposes of the Motion to Dismiss, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to the non-moving party. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The following facts are taken from the allegations of the Amended

---

[2] The four individual Defendants are correctional officers employed by the Sheriff's Department.

3

Complaint.

On or about October 16, 2004, Plaintiff attended a social gathering at the residence of his relative, Brandy Botaw, in Pawnee, Illinois. At the social gathering, Plaintiff became involved in a verbal altercation, which required the assistance of the Pawnee Police Department. When police officers from the Pawnee Police Department arrived at the Botaw residence, they arrested Plaintiff for domestic battery after investigating the incident. Plaintiff was consequently transported to the Sheriff's Department. When Plaintiff arrived at the Sheriff's Department, he was placed in a cell. Shortly thereafter, "the Plaintiff and correctional officers employed by the Sangamon County[,] Illinois Sheriff's Department exchanged words at which time **Carl Bennett** obtained a pepper ball gun that was a device capable of shooting a propellant or powder with a burning projectile." Amended Complaint, ¶ 16. A correctional officer then brought Plaintiff out of his jail cell at which time Bennett repeatedly fired the pepper ball gun at Plaintiff's chest, face, throat, back, arms and legs. While this occurred, Plaintiff was surrounded by Defendants Ealey, Hollingshead, and Ansell, all of whom condoned Defendant Bennett's action. In order to protect himself, Plaintiff remained on the ground in a fetal position. According to the

4

Amended Complaint, the individual Defendants "engaged in a joint venture as they assisted each other in performing the various actions [against Plaintiff] and lent their physical presence and support to each other during the attack on Plaintiff . . . ." Id. at ¶ 19.

The Amended Complaint alleges that the individual Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution by using excessive force against him when he was detained at the jail. The individual Defendants are sued in their official and individual capacities. Specifically, Count I alleges that the Sheriff's Department deprived Plaintiff of his constitutional rights under the Fourth and the Fourteenth Amendments through one or more of the following acts or omissions:

> (a) Failed to adequately or properly train Defendant Carl Bennett, in the use of the pepper ball device that would not result in the use of excessive force and violate Constitutional and protected rights and/or
> (b) Tolerated a pattern of practice of abuse which showed a deliberate indifference on the part of [the Sheriff's Department] to correctional officer[s] **Carl Bennett, Chuck Ealey, Joe Hollingshead and Thomas Ansell's** persistent and widespread practice of violating suspects civil rights in the jail and/or
> (c) Was aware of prior incidence wherein correctional officers **Carl Bennett, Chuck Ealey, Joe Hollingshead and Thomas Ansell**, violated a detainee[']s civil rights and failed to take remedial action against them.

5

Count I of Amended Complaint, ¶ 2.

Counts II and III allege claims against Carl Bennett in his official and individual capacity respectively for violations of Plaintiff's constitutional rights when he repeatedly shot Plaintiff with a pepper ball gun. Counts IV and V allege claims against Chuck Ealey in his official and individual capacity respectively for violations of Plaintiff's constitutional rights when he assisted Bennett in using excessive force against Plaintiff. Counts VI and VII allege claims against Joe Hollingshead in his official and individual capacity respectively for violations of Plaintiff's constitutional rights when he assisted Bennett in using excessive force against Plaintiff. Counts VIII and IX allege claims against Thomas Ansell in his official and individual capacity respectively for violations of Plaintiff's constitutional rights when he assisted Bennett in using excessive force against Plaintiff. Defendants have filed the instant Motion to Dismiss, asking the Court to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

## ANALYSIS

A Rule 12(b)(6) motion to dismiss for failure to state a claim requires the court to consider the allegations in the light most favorable to plaintiff

and to accept all well-pleaded facts as true.  Cole v. U.S. Capital, Inc., 389 F.3d 719, 724 (7th Cir. 2004).  A complaint should not be dismissed, under Rule 12(b)(6), for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).  The plaintiff is required only to provide a short and plain statement of his claim "'that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a); see also Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).  Under this notice pleading standard, plaintiff need not plead facts or legal theories.  Hefferman v. Bass, 467 F.3d 596, 599 (7th Cir. 2006) (citing cases).

    A.   Claims Against the Individual Defendants in Their Individual Capacities

The Defendants contend that Plaintiff's claims against the individual Defendants in their individual capacities (Counts III, V, VII, and IX) are barred by the two-year statute of limitations applicable to § 1983 actions

7

and that the filing of the Amended Complaint did not relate back to the filing of the original Complaint under Federal Rule of Civil Procedure 15(c). It is undisputed that the two-year statute of limitations applicable to this action under § 1983 expired on October 16, 2006, since the occurrence giving rise to the claims alleged in the Amended Complaint took place on October 16, 2004. See Anton v. Lehpamer, 787 F.2d 1141, 1141-42 (7th Cir. 1986). Plaintiff filed the original Complaint on October 13, 2006, against John Doe/Jailers and Officers, the Sheriff's Department, and Sheriff Williamson. After the two-year statute of limitations had expired, Plaintiff sought leave to file an amended complaint in order to substitute the Defendants formerly listed as John Doe/Jailers and Officers with Defendants Bennett, Ealey, Hollingshead, and Ansell. Plaintiff asserted in his original Complaint and in his Motion to File that, at the time he filed his original Complaint, he did not know the identities of the Defendants listed as John Doe/Jailers and Officers. The issue therefore is whether, under Rule 15(c), the filing of the Amended Complaint relates back to the filing of the original Complaint.

Rule 15(c) allows an amendment of a pleading to relate back to the date of the filing of the original pleading for purposes of tolling the

8

applicable statute of limitations in the following situations:

> (1)   relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2)   the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3)   the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). The Court first turns to an analysis of Rule 15(c)(1). Here, Illinois law provides the statute of limitations applicable to this action. See Anton, 787 F.2d at 1141-42. In reviewing the applicable Illinois law, the Court finds that the Illinois law was amended in 2002 to mirror closely Rule 15(c) of the Federal Rules.[3] After the amendment, the

---

[3] 735 ILCS 5/2-616(d) allows an amendment to relate back to the date of the original pleading if the following conditions are met:
> (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the

9

Illinois courts that have addressed the relation - back issue have indicated that the Illinois "legislature intended to impose more stringent requirements for amended complaints–like those embodied in the Federal Rules of Civil Procedure." Pruitt v. Pervan, 356 Ill.App.3d 32, 36 (1st Dist. 2005); Compton v. Ubilluz, Ill.App.3d 223, 233-34 (2nd Dist. 2004). In this Federal Circuit, it is well settled that one cannot substitute "John Doe" defendants with named defendants after the statute of limitations has expired and have the amendment relate back. Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998); Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993). As set forth below, the amendment adding the individual named Defendants does not relate back under Federal Rule 15(c) or under Illinois law which now follows the Federal Rule. There was no mistake as to the identity of the individual Defendants when Plaintiff first

---

amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended.

735 ILCS 5/2-616(d).

filed suit; rather he simply had not taken the steps to learn their identity at that point. As such, Plaintiff cannot avail himself of the benefits of Rule 15(c)(1). Vodak v. City of Chicago, 2006 WL 1049736, at *3 (N.D. Ill. April 19, 2006).

Subsections 15(c)(2) and (3) likewise do not help the Plaintiff. Under subsection 15(c)(2), any claims or defenses asserted in the amended pleading relate back to the date of the original pleading if the claims set forth in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, and if the defendants were informed of the claims asserted in the amended pleading. See Patterson v. General Motors Corp., 631 F.2d 476, 486 (7th Cir. 1980). Here, Plaintiff has failed to present evidence or allegations showing that the four individual Defendants had notice of the filing of this action before the two-year statute of limitations expired.

Moreover, Plaintiff cannot benefit from Rule 15(c)(3), which "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where . . . there is a lack of knowledge of the proper party."

11

Worthington, 8 F.3d at 1256; see Wood v. Worachek, 618 F.2d 1225, 1229 (7th Cir. 1980). Indeed, the Seventh Circuit has repeatedly found that "relation back on grounds of mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant." Hall v. Norfolk Southern Railway Company, 469 F.3d 590, 596 (7th Cir. 2006) (internal quotations omitted) (citing cases).

Here, Plaintiff cannot avail himself of Rule 15(c)(3) because Plaintiff represented in his original Complaint and in the Motion to File that, at the time of the filing of his original Complaint, he lacked knowledge of the identities of the Defendants listed as John Doe/Jailers and Officers. "It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" Hall, 469 F.3d at 596. Plaintiff never asserted that an error had been made in the names of the Defendants in question. Accordingly, "[b]ecause [Plaintiff's] failure to name [Bennett, Ealey, Ansell, and Hollingshead] was due to a lack of knowledge as to their identity, and not a mistake in their names," the filing of the Amended Complaint does

not relate back to the filing of the original Complaint.[4]  Worthington, 8 F.3d at 1257; see Baskin, 138 F.3d at 704.  Plaintiff's claims against the individual Defendants in their individual capacities must therefore be dismissed.  Counts III, V, VII, and IX are dismissed.

> B. Claims Against the Individual Defendants in Their Official Capacities

Next, the Defendants assert that Plaintiff's claims against the individual Defendants in their official capacities must be dismissed because they are redundant to Plaintiff's claims against the Sheriff's Department.  It is well-established that a plaintiff's claims against municipal officers in their official capacities operate as claims against the Sheriff's Department.  Tapia v. City of Greenwood, 965 F.2d 336, 338 (7th Cir. 1992) (citing cases).  Therefore, Plaintiff's claims against the individual Defendants in their official capacities are dismissed because they are redundant to the claims against the Sheriff's Department.  Accordingly, Counts II, IV, VI, and VIII are dismissed.

---

[4]The Court notes that Plaintiff relies on various cases from different circuits that have concluded otherwise.  However, this Court is bound by the law of the Seventh Circuit.

C. <u>Claims against the Sheriff's Department</u>

The Defendants move to dismiss Plaintiff's claims against the Sheriff's Department because they fail to state a constitutional violation against the Sheriff's Department for failure to train. In response, Plaintiff merely provides a brief statement that the allegations are sufficient to provide notice to the Sheriff's Department regarding Plaintiff's claims against it and that he should be allowed to conduct discovery on the factual issues in question. Plaintiff neither cites any case law, nor provides thorough analysis of the issues presented.

It has long been recognized that a municipal entity cannot be liable under § 1983 based upon a theory of <u>respondeat superior</u>. <u>McNabola v. Chicago Transit Authority</u>, 10 F.3d 501, 509 (7th Cir. 1993) (citing cases). However, it can be held liable under § 1983 if an express policy or custom of the municipal entity causes a constitutional violation. <u>Lanigan v. Village of East Hazel Crest, Ill.</u>, 110 F.3d 467, 478 (7th Cir. 1997) (citing <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 690-91 (1978)). Liability under § 1983 may be imposed against a municipality based on any of the following: (1) "an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although

not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; . . . (3) an allegation that the constitutional injury was caused by a person with final policymaking authority[]"; or (4) failure to train employees. <u>Baxter by Baxter v. Vigo County School Corp.</u>, 26 F.3d 728, 735 (7th Cir. 1994) (internal quotations and citations omitted); <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388 (1989); <u>Robles v. City of Fort Wayne</u>, 113 F.3d 732, 735 (7th Cir. 1997).

Here, the Amended Complaint does not allege any facts supporting the first and the third prongs under which a municipality may be held liable under § 1983. <u>See</u> <u>Baskin</u>, 138 F.3d at 705. The Amended Complaint does not allege that the deprivation of Plaintiff's constitutional rights was caused by a person with final policy making authority. Further, unlike the original Complaint, the Amended Complaint neither names Sheriff Williamson in the caption, nor does it allege any claims against him. The Amended Complaint also does not allege that the Sheriff's Department maintained an express policy that caused a constitutional deprivation.

The allegations of the Amended Complaint show that Plaintiff's § 1983 claims against the Sheriff's Department are premised on the second

and the fourth prongs under which a municipality may be held liable under § 1983. According to the Amended Complaint, the Sheriff's Department: (1) failed to properly train Defendant Bennett in the use of a pepper ball gun such that it would not amount to excessive use of force against detainees; (2) tolerated a pattern of practice of abuse which reflected the Department's deliberate indifference to the individual Defendants' persistent and widespread practice of violating detainees' civil rights; and (3) had knowledge of prior incidents in which the individual Defendants violated a detainee's civil rights, but failed to take remedial action. The Court first turns to Plaintiff's claim that the Sheriff's Department failed to properly train Defendant Bennett.

     1.    <u>Failure to Train</u>

"[T]here are only limited circumstances in which a failure to train will be characterized as a municipal policy under section 1983." <u>Robles</u>, 113 F.3d at 735 (internal quotations omitted) (citing cases). The Supreme Court has held that a municipal entity may be liable for failure to train "'... only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" <u>Id.</u> (quoting <u>City of Canton</u>, 489 U.S. at 388). A municipality would be deliberately

indifferent if it failed to either: (1) train its employees regarding a clear constitutional duty implicated in recurrent situations that a particular employee is certain to face; or (2) provide further training after learning of a pattern of constitutional violations involving the exercise of police discretion.  Id. (citing cases).  "Under either scenario, the finding of deliberate indifference is derived from the [municipal entity's] failure to act in the face of actual or constructive notice that such a failure is likely to result in constitutional deprivations." Id. (internal quotations omitted).

In viewing the allegations of the Complaint in the light most favorable to Plaintiff at this stage, the Amended Complaint states a § 1983 claim against the Sheriff's Department for failure to train Defendant Bennett.  The Amended Complaint alleges that the Sheriff's Department failed to properly train Defendant Bennett in the use of a pepper ball gun such that it would not amount to excessive use of force against detainees. The Amended Complaint alleges that the Sheriff's Department was aware of prior incidents in which Defendant Bennett violated a detainee's civil rights, but was deliberately indifferent to such violations.  If true, the allegations of the Amended Complaint would support a finding that the Sheriff's Department had constructive or actual notice of the individual

Defendants' repeated constitutional violations against detainees, but failed to take any remedial action. Plaintiff states a claim against the Sheriff's Department for failure to train Defendant Bennett.

### 2. Widespread Practice

As explained supra, the Supreme Court has stated that a municipal entity may be held liable under § 1983 if a plaintiff establishes existence of widespread governmental custom, "even though such custom has not received formal approval through the [municipal entity's] official decisionmaking channels." McNabola, 10 F.3d at 511 (internal quotations omitted); see Monell, 436 U.S. at 690-91. "[A] practice of unconstitutional conduct, although lacking formal approval, may provide a basis for municipal liability if the plaintiff can establish that the policymaking authority acquiesced in a pattern of unconstitutional conduct." McNabola, 10 F.3d at 511 (internal quotations omitted). This means that Plaintiff must show that policymaking officials had knowledge of the custom in question and that they acquiesced in a pattern of unconstitutional conduct. Id. "The longstanding or widespread nature of a particular practice would support the inference that policymaking officials must have known about it but failed to stop it." Id. (internal quotations omitted).

The Amended Complaint alleges a claim against the Sheriff's Department on the basis of <u>Monell's</u> custom or practice prong. The Amended Complaint alleges that the Sheriff's Department had knowledge of the four individual Defendants' persistent and widespread practice of violating detainees' civil rights, but failed to stop such violations from occurring. If true, the allegations of the Complaint would support a finding that the custom or practice at issue here was widespread and that the policymaking officials either condoned or turned a blind eye to the violations committed by the individual Defendants against individuals detained at the Sangamon County jail, including Plaintiff. Plaintiff states a claim against the Sheriff's Department on the basis of <u>Monell's</u> custom or practice prong.

THEREFORE, for the reasons set forth above, the Defendants' Motion to Dismiss (d/e 10) is ALLOWED, in part, and DENIED, in part. Defendants' request to dismiss Counts II, III, IV, V, VI, VII, VIII, and IX is allowed. The Motion is denied in all other respects. The Court directs the Clerk of the Court to terminate Sheriff Neil Williamson as a Defendant in this action. The Clerk is further directed to terminate Defendants Carl Bennett, Chuck Ealey, Joe Hollingshead and Thomas Ansell as parties to

this action. The Defendant Sangamon County Sheriff's Department is directed to file an answer or otherwise plead to the remaining Count I by September 4, 2007.

IT IS THEREFORE SO ORDERED.

ENTER:  August 6, 2007.

    FOR THE COURT:

                      s/ Jeanne E. Scott
                      JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE